IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BARBARA L. COMBS,<br><br>              *Plaintiff*,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR JP ALT 2006-SI,<br><br>              *Defendant*. | Civil No. 1:17-cv-545<br>Hon. Liam O'Grady<br>Hon. John F. Anderson |

## MEMORANDUM OPINION

This case comes before the Court on Defendants' motions to dismiss. Specifically, U.S. Bank has filed a substantive motion to dismiss for failure to state a claim. (Dkt. No. 3). Co-Defendant Surety Trustees, LLC ("Surety") has also filed a motion to dismiss in which it joins with, and incorporates the reasons for, U.S. Bank's motion. (Dkt. No. 10). Plaintiff concedes that Surety is only a "nominal party" but contends that it is also a necessary party under Virginia law because Plaintiff seeks rescission of a foreclosure action. Opp'n at 2 (Dkt. No. 15). The matter has been fully briefed and the Court found that oral argument was not necessary for the resolution of the motions. For the following reasons, the Court finds good cause to **GRANT** Defendants' motions. Accordingly, Counts II and III will be dismissed with prejudice. Count I will be dismissed without prejudice.

### I. BACKGROUND

The subject of this dispute is a piece of real property located at 20760 Dewberry Court, Ashbury, Virginia 20147 (the "Property"). On April 26, 2006, Plaintiff entered into a mortgage

loan, which was evinced by a note and secured by a duly-recorded deed of trust. Defendant U.S. Bank subsequently claimed ownership of the note and appointed Defendant Surety Trustees as substitute trustee on the deed of trust. On August 28, 2014, U.S. Bank instructed Surety Trustees to foreclose on the Property.

The deed of trust required that any foreclosure proceeding comport with "Applicable Law." Compl. ¶ 23. "Applicable Law," in turn, is defined in the deed of trust as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Compl. ¶ 25.

Plaintiff alleges that "[a]fter U.S. Bank . . . made the first filing towards the applicable foreclosure, and more than 37 days before August 28, 2014, Combs property [sic] submitted a loan modification application for modification of the loan." Compl. ¶ 10. U.S. Bank apparently did not act in response to this application, but instead continued with the foreclosure proceeding. After the foreclosure, U.S. Bank "made negative reports to credit reporting agencies that it had properly foreclosed on the home, which damaged Combs' credit rating to her economic prejudice." Compl. ¶ 16.

Plaintiff claims the following damages: (1) loss of title; (2) deprivation of quiet enjoyment; (3) loss of equity in her home; (4) damaged credit rating; (5) legal costs and attorney's fees; (6) cost of paying bond; (7) inconvenience; and (8) loss of "interest on the aforesaid damages." Compl. ¶ 18. She seeks $200,000 in damages and rescission of the foreclosure of her home.

## II. LEGAL STANDARD

In considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, construing them in the light most favorable to the plaintiff. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). To defeat the motion, the Plaintiff must allege enough allegations of fact "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this regard, bald legal assertions without factual support need not be accepted. *Id.* Indeed, the Court may not rely on mere "labels and conclusions" or the complaint's "formulaic recitation of the elements of a given cause of action in deciding the motion. *Id.* at 555.

## III. DISCUSSION

Plaintiff's Complaint alleges three counts against Defendants: (1) breach of Dodd-Frank; (2) breach of "Applicable Law" provision in the deed of trust for violation of Dodd-Frank; and (3) breach of "Applicable Law" provision in the deed of trust for a breach of the consent order entered into by U.S. Bank on April 13, 2011 with the Comptroller of Currency. The first claim cannot succeed as pled; however, the Court will give Plaintiff an opportunity to re-plead this Count. In doing so, however, the Court notes that rescission of foreclosure is not a permissible remedy. The breach of contract claims fail as a matter of law and will be dismissed with prejudice. These claims will be addressed in turn.

### A. Count I: Violation of RESPA

As Defendants point out, Plaintiff's claim for a "breach of Dodd-Frank" does not allege which provision of the Dodd-Frank Act was actually violated. Rather, the Complaint appears to allege a violation of the Consumer Financial Protection Bureau's ("CFPB") federal loss

3

mitigation procedures governing foreclosures.[1] These regulations are related to the Dodd-Frank Act because they were promulgated by the CFPB, which was authorized by the Dodd-Frank Act to enact binding rules under Real Estate Settlement Procedures Act ("RESPA"). *See generally* The Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203 (July 10, 2010).

The relevant regulations here are the "Loss Mitigation Procedures" and specifically 12 C.F.R. § 1024.41(g), which provides: "If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale." In this context, a complete application is an "application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b).

To enforce these provisions, courts have held that "[b]orrowers have a private right of action against lenders who evaluate a loss mitigation application while at the same time pursuing foreclosure." *Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 WL 1867526, at *3 (E.D. Mich. Apr. 23, 2015). In recognizing a private right of action, however, the procedures specify that "[n]othing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to applicable law." 12 C.F.R. § 1024.41(a).

---

[1] Plaintiff appears to concede this point in her Opposition Brief, which argues that 12 C.F.R. § 1024.41 is grounds for rescission. Opp'n at 2.

4

Rather, the exclusive remedies for a breach of § 1024.41 are contained in Section 6(f) of RESPA, which provides for the recovery of (1) "actual damages to the borrower as a result of the failure [to comply with any provision of this section]"; or (2) "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605. Rescission of a foreclosure is not a permissible remedy for a violation of RESPA. *See Caggins v. Bank of N.Y. Mellon*, No. 1511124, 2015 U.S. Dist. LEXIS 85457, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015) ("There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified . . ."). To state a claim for damages under RESPA, therefore, "Plaintiff must allege facts showing she suffered actual damages or is entitled to statutory damages." *Jackson v. Ocwen Loan Servicing, LLC*, Case No. 11-60560-CIV, 2012 U.S. Dist. LEXIS 33935, (S.D. Fla. Mar. 14, 2012) (citing *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010)).

Defendants challenge the sufficiency of Count I on two primary grounds. First, they argue that Plaintiff does not allege that she actually *complied* with 12 C.F.R. § 1024.41(g). Second, they assert that Plaintiff fails to allege actual damages or causation.

With regard to the first argument, Defendants point out that Plaintiff does not allege when she submitted her loan modification application. Nor does she allege how she submitted the application (*e.g.* by mail, email, fax, hand delivery . . . etc.). Moreover, she does not allege that she submitted a complete application as required by 12 C.F.R. 1041.41(b). Instead, she simply states that "[a]fter U.S. Bank . . . made the first filing towards the applicable foreclosure, and more than 37 days before August 28, 2014, Combs property [sic] submitted a loan modification application for modification of the loan." Compl. ¶ 10.

5

In response, Plaintiff argues that the allegation that she "proper[l]y" submitted the application should be enough to push this count past the motion-to-dismiss phase. In this respect, she equates the word "proper" with the word "complete." She further claims that the timeframe between when U.S. Bank made its first filing and "37 days before August 28, 2014" provides a sufficiently specific timeframe from which the Court can conclude that she has stated a plausible claim for relief.

The lack of factual details in Plaintiff's Complaint thwarts the success of Count I at this stage of the litigation. Because Plaintiff alleged that she personally submitted the loan modification application, however, she should be able to cure the issues identified by Defendants. Specifically, she should be able to either recover or recall at least some of the documents submitted and received throughout the modification application process. *See Burns v. Deutsche Bank Nat. Trust Co.*, No. 1:15-CV-264, 2015 WL 4903422, at *2 (W.D. Mich. Aug. 17, 2015) (dismissing an analogous case because "Plaintiffs do not allege that they submitted a complete loss-mitigation application more than 37 days prior to the foreclosure sale."). At the very least, she should be able to allege when she submitted the application.

In order to survive a motion to dismiss, she must also allege the actual damages that she incurred *were a result* of the RESPA violation. In doing so, she should keep in mind that rescission is not a permissible remedy and her damages must be monetary. *See* 12 U.S.C. § 2605. For these reasons, Count I is DISMISSED without prejudice.

B. **Counts II and III: Breach of the "Applicable Law" Provision**

As discussed above, the remedial framework for a violation RESPA's Loss Mitigation Procedures is straightforward and does not allow for the rescission of a foreclosure proceeding. *See Caggins*, 2015 WL 4041350, at *2 ("There is no provision found in RESPA under which

Plaintiff can seek to have foreclosure proceedings nullified . . ."). Nonetheless, Plaintiff argues that the deed of trust incorporated both the consent order and the RESPA regulations as conditions precedent to foreclosure under the "Applicable Law" provision of the agreement. Thus, she avers that without first complying with those provisions, Defendants had no contractual right to foreclose. This argument is unconvincing.

"A deed of trust is construed as a contract under Virginia law." *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 731 (2012). Therefore, under ordinary contractual principles, parties may incorporate regulatory provisions into a deed of trust, "even when the regulation itself does not provide a private cause of action." *Wilkins v. Wells Fargo Bank, N.A.*, No. 2:15CV566, 2016 WL 6775692, at *3 (E.D. Va. Nov. 15, 2016) (citing *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 516–17 (2014)).[2] Similarly, the Virginia Supreme Court has clarified that the power to foreclose does not accrue until the conditions in the deed of trust have been satisfied, notwithstanding the fact that the borrower may have fallen behind on her payments. *See Mathews*, 283 Va. at 731.

Nonetheless, in order to incorporate a federal regulation, two important requirements must be satisfied. First, in order to be incorporated, the relevant provision of "applicable law" must be sufficiently specific. *Compare id.* at 734 (interpreting a contract as incorporating U.S. Department of Housing and Urban Development ("HUD") regulations when Paragraph 9 of the deed of trust explicitly referenced "Regulations of HUD Secretary"), *with, Lubitz v. Wells Fargo Bank, N.A.*, 85 Va. Cir. 379 (2012) (declining to read HUD regulations into a contract where the relevant provision only incorporated "all applicable law"). Second, "'[c]ontracts are generally understood to incorporate only those laws which exist at the time of formation,' and therefore an

---

[2] Virginia is a minority jurisdiction in this respect. *See Squire*, 287 Va. at 524 (Kinser, J., concurring in part and dissenting in part).

after-enacted regulation could not have been incorporated through the 'all applicable law' clause in a deed of trust because it was not in existence at the time that the contract was made." *Reamer v. Deutsche Bank Nat'l Trust Co. Americas*, No. 3:15CV00601-HEH, 2016 WL 1259557, at *5 (E.D. Va. Mar. 28, 2016) (quoting *Condel v. Bank of Am., N.A.*, 2012 WL 2673167, at *6-8 (E.D. Va. July 5, 2012) and surveying caselaw). Put more succinctly, "[g]eneral precepts of contract law direct that, absent clear language to the contrary, courts should not interpret contracts to incorporate future changes to the law." *Condel*, 2012 WL 2673167 at *8.

Two additional cases are useful in examining how these principles apply to the dispute at hand. First, in *Wilkins v. United States*, the court considered whether a similar consent order with the Office of the Comptroller of Currency ("OCC") constituted "applicable law" that was incorporated into the deed of trust as a condition precedent. No. 2:15CV566, 2016 WL 2689042, at *3 (E.D. Va. May 9, 2016). The court held that it did not. In doing so, the court noted that the consent order was entered into more than five years after the deed of trust was executed. *Id.* The court therefore held that the "plain meaning of the term 'applicable law' does not evidence intent by the parties in this matter to be bound by such a Consent Order, or 'future changes to the law,' and this Court will not infer such intent." *Id.*

This straightforward principle is complicated by the second case, *Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44, 54 (2016). In *Parrish*, the Virginia Supreme Court considered the question of "whether a general district court has subject matter jurisdiction . . . to adjudicate an action for unlawful detainer when a homeowner challenges the validity of a trustee's deed after foreclosure . . ." *Id.* at 47. Ultimately, it answered that question in the negative. But in doing so, the court suggested that 12 C.F.R. § 1024.41(g) was properly incorporated into the deed of trust, and the provision could be enforced to rescind a foreclosure. *Id.* at 54. Specifically, the

court notes that "the Parrishes alleged that their deed of trust incorporated 12 C.F.R. § 1024.41(g) as a condition precedent to foreclosure" and that therefore non-compliance with this condition, "if proved, could satisfy a court of equity to set aside the foreclosure." *Id.*

Plaintiff argues that this "case falls squarely within the ambit of *Parrish*." Opp'n at 2. In support of this assertion, she notes that: (1) 12 C.F.R. § 1024.41(g) was not in effect when the deed of trust in *Parrish* was executed and therefore it is indistinguishable from the timing in this case;[3] and (2) to the extent there is conflict with other decisions, the Virginia Supreme Court's recent ruling on an issue of contract law should govern. Neither of these points is convincing.

*Parrish* is distinguishable for a number of reasons. First and foremost, the Virginia Supreme Court in *Parrish* was primarily focused on a discrete issue of civil procedure. Its ultimate ruling had nothing to do with 12 C.F.R. § 1024.41(g), but instead centered on the subject matter jurisdiction of the Commonwealth's general district courts. Therefore, its language concerning the merits of § 1024.41(g) is properly characterized as dicta. *See Wilkins*, 2016 WL 6775692, at *3 (characterizing *Parrish* as "*accepting for the purpose of determining jurisdiction* plaintiffs' allegation that their deed of trust incorporated a regulation as a condition precedent to foreclosure") (emphasis added). To emphasize this point, *Parrish* was not a contractual dispute at all; it was instead a statutory unlawful detainer action. Thus, the resolution of Plaintiff's contractual claim was not critical or relevant to the court's decision.

Moreover, the opinion in *Parrish* did not directly confront the issue of whether the deed of trust had properly incorporated future regulations. Indeed, the Court does not mention the execution date of the deed of trust in its entire opinion. Furthermore, the court's one-paragraph

---

[3] Plaintiff does not provide any citation for this fact, and the case does not specify when the deed of trust was executed.

discussion of § 1024.41(g) does not contain citations to any authority and does not engage with the questions presented in this case.

In light of these distinguishing factors, the Court finds that the more thorough research and analysis of *Reamer* and similar cases applies here. 2016 WL 1259557, at *5 (E.D. Va. Mar. 28, 2016) (surveying caselaw). Under this caselaw, courts will not incorporate future regulations and consent orders into a contract unless the parties have unambiguously declared that to be their intent. *See Wilkins*, 2016 WL 2689042, at *3.

There is no such unambiguous intent in this case. Plaintiff executed her deed of trust in 2006. The applicable law provision in the deed incorporates "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Compl. ¶ 25. It makes absolutely no mention of RESPA regulations or future changes to the law. Therefore, without more explicit language, the Court will not re-write the contract to incorporate the regulations or consent order at issue here.

The Consent Order between U.S. Bank and the Comptroller of Currency was not executed until April 13, 2011. Similarly, the federal regulation 12 C.F.R. § 1024.41(g) was not promulgated until February 14, 2013. Thus, the potential sources of "applicable law" that Plaintiff cites in her breach of contract claim are simply not part of her contract because they were enacted after the parties agreed to the terms of the deed of trust in 2006. Accordingly, Counts II and III fail as a matter of law.

### III. CONCLUSION

For these reasons, Defendants' Motions to Dismiss are hereby **GRANTED**. Because Counts II and III fail as a matter of law, and because Plaintiff has already filed a similar case in

this court, dismissal with prejudice is appropriate. With respect to Count I, however, Plaintiff may be able to state an independent claim for damages under RESPA with further investigation. Therefore, Count I is dismissed without prejudice and Plaintiff may re-file her complaint within 30 days if good cause exists to do so.

An appropriate order shall issue.

Liam O'Grady
United States District Judge

June 28, 2017
Alexandria, Virginia